UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **POTOMAC ELECTRIC POWER COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Case No. 09-111 (RJL)** |
| ) | |
| **CHINA CONSTRUCTION AMERICA INC.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM ORDER

Before the Court is a motion by defendant Cherry Hill Construction, Inc. to vacate an Order of Default entered against it by the Superior Court for the District of Columbia. The default was entered on February 17, 2009, [Dkt. #11-2], after a notice of removal had been filed in this Court on January 16, 2009, [Dkt. #1]. Because, however, a notice of removal was not filed in the Superior Court until as late as March 13, 2009, [Dkt. #19], the Superior Court retained jurisdiction to enter the default. *See Anthony v. Runyon*, 76 F.3d 210, 213-14 (8th Cir. 1996) (adopting the prevailing rule that "removal is effected when the notice of removal is filed with the state court and at no other time"); *Resolution Trust Corp. v. Nernberg*, 3 F.3d 62, 69 (3d Cir. 1993) ("The requirement of notice to the state court is an important part of the removal process and has been held necessary to terminate the state court's jurisdiction."). Even though removal is now complete, the

Superior Court's Order of Default remains in effect. *See Murray v. Ford Motor Co.*, 770 F.2d 461, 463 (5th Cir. 1985) (stating that a state court default judgment, which went into effect before the state court had notice of removal, "continued in effect when the case was removed to the federal court").

To set aside the removed entry of default, the Court applies the same test used for defaults in federal courts. *Butner v. Neustadter*, 324 F.2d 783, 785-86 (9th Cir. 1963). A default can be vacated under Rule 55(c) for "good cause shown," which is more lenient than the standard for vacating a default judgment under Rule 60(b). *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). Although the decision whether to set aside a default lies within this Court's discretion, the following considerations are relevant: (1) whether the default was willful, (2) whether a set-aside would prejudice the plaintiff, and (3) whether the alleged defense is meritorious. *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 373 (D.C. Cir. 1980). Plaintiff Potomac Electric Power Company does not contend that it would be prejudiced by setting aside the default or that the defendant's alleged defense is not meritorious. Rather, the plaintiff challenges the defendant's asserted reasons for its untimely delay in answering the complaint. Even if the defendant could have exercised more vigor in responding to the plaintiff's lawsuit, the Court cannot conclude based on the information before it that the default was willful or that defendant counsel's staffing difficulties are not an acceptable reason for the delay. Accordingly, based on all the factors to be considered, as well as the general rule that

"modern federal procedure favor[s] trials on the merits," *id.* at 374, the Court GRANTS defendant's Motion to Vacate the Superior Court's Order of Default.

For the reasons set forth above, it is this 29th day of September, 2009, hereby

**ORDERED** that defendant's Motion to Vacate Default Judgment Entered by Superior Court [Dkt. #11] is **GRANTED**; and it is further

**ORDERED** that the Superior Court's Order of Default dated February 17, 2009, is **VACATED.**

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge